# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| **BRANDT AUDIBERT** | : | **CIVIL ACTION NUMBER: 2:22-cv-1353** |
| **VERSUS** | : | **JUDGE:** |
| **HIONG GUAN NAVEGACION CO., LTD. and NEWTONBULK MARITIME, INC.** | : | **MAGISTRATE JUDGE** |

## COMPLAINT FOR DAMAGES UNDER THE GENERAL MARITIME LAW

The Complaint of BRANDT AUDIBERT, of full age of majority, a resident of and domiciled in St. Tammany Parish, Louisiana, respectfully represents:

1.

This is a case brought pursuant to Article 3 § 2 of the United States Constitution and 28 U.S.C. § 1333, admiralty and maritime jurisdiction.

2.

The following parties are made Defendants herein:

1. **Hiong Guan Navegacion Co. Ltd**., is, upon information and belief a Hong Kong based company, which at all relevant times was the ship manager and beneficial owner and/or operator of the M/V Century Venus. It may be served by sending summons to Room 905 Tak Shing House, 20 Des Voeux Road Central, Hong Kong, China; however, in lieu of service via the Hague Convention, this defendant has agreed to accept service on its attorney, Robert Murphy.

2. **Newtonbulk Maritime Inc**. is upon information and belief a Hong Kong based company, which at all relevant times was the ship owner of the M/V Century Venus. It may be served by sending summons to Room 905 Tak Shing House, 20 Des Voeux Road Central, Hong Kong, China; however, in lieu of service via the Hague Convention, this defendant has agreed to accept service on its attorney, Robert Murphy.

3.

At all times pertinent herein, Plaintiff, BRANDT AUDIBERT, was a seaman and a member of the crew of vessels owned and/or operated by Plaintiff's employer, Associated Terminals.

4.

On or about, April 4, 2020, Plaintiff was a member of the crew, as deckhand, of the vessel D/B Ability which, at that time, was at the Global Plex Dock in Reserve, Louisiana (St. John the Baptist Parish) on the navigable waters of the United States, the Mississippi River.

5.

At that time, the D/B Ability was being connected to a vessel owned by the Defendants herein (i.e. the M/V Century Venus) with the ultimate goal of assisting to unload bulk cargo on said vessel.

6.

As part of Plaintiff's duties as a deckhand for the D/B Ability, he had been transferred to the deck of the M/V Century Venus during the connection process and to help with same.

7.

While on the deck of the M/V Century Venus, Plaintiff, suddenly, and without warning, slipped on a slippery substance which had been allowed to pool on the deck but could not be readily seen by Plaintiff.

8.

Plaintiff shows that Defendant **Hiong Guan Navegacion Co. Ltd**., and/or Defendant **Newtonbulk Maritime Inc.** were negligent and at fault in causing the afore-described accident in the following non-exclusive respects:

   A. Allowing water and/or other slippery substances to pool on the deck of the M/V Century Venus while being aware that the crew of another vessel was working in the area;

   B. Failure to mitigate or correct the afore-described dangerous condition;

   C. Failure to warn those on board of the afore-described dangerous condition;

   D. Failure to have the appropriate non-slip surface material and other anti-slip devices in the area of the accident in keeping with sound maritime practice;

   E. Other acts of negligence which may be shown through discovery or at trial; and

   F. Generally, the failure of these Defendants to act with a degree of care commensurate with existing circumstances.

9.

Due to these acts of negligence, Plaintiff suffered serious, permanent and disabling injuries, including, but not necessarily limited to, those to his leg and knee.

10.

Plaintiff has suffered past, present and will suffer in the future the following non-exclusive list of damages:

   A. Medical and related expenses;

   B. Loss of earnings;

   C. Impairment of earning capacity;

   D. Physical injury and disability;

   E. Physical pain and suffering;

   F. Mental anguish and distress; and

   G. Loss of enjoyment of life.

11.

Plaintiff shows that he is entitled to be compensated by Defendants in an amount which is just and reasonable, for all the above negligence, lack of the required degree of care by the vessel owners/operators commensurate with the circumstances, and other acts of negligence that may be shown through discovery or at trial.

12.

Plaintiff shows that the Defendants' conduct was willful, wanton and arbitrary such that they are liable to the Plaintiff for punitive and exemplary damages.

**WHEREFORE**, PLAINTIFF, BRANDT AUDIBERT, prays that after due proceedings are had that there be judgment in his favor and against Defendants, **Hiong Guan Navegacion Co. Ltd.**, and **Newtonbulk Maritime Inc.**, with legal interest thereon from date of injury until paid and for all costs of these proceedings. Plaintiff also prays for all other relief that may be just and equitable in the premises.

Respectfully submitted this 16th day of May, 2022.

**WALTERS, PAPILLION,
THOMAS, CULLENS, LLC**

*/s/ J. Neale deGravelles*
J. Neale deGravelles (#29143)
WALTERS, PAPILLION, THOMAS, CULLENS, LLC
12345 Perkins Road, Building One
Baton Rouge, LA 70810
Telephone:  225-236-3636
Facsimile:  225-236-3650
ndegravelles@lawbr.net
*Attorneys for Plaintiff*

and

Richard J. Fernandez (#05532)
LAW OFFICE OF RICHARD J. FERNANDEZ, LLC
3000 West Esplanade Ave., Ste. 200
Metairie, LA 70002
Telephone: 504-834-8500
Facsimile: 504-834-1511
rick@rjfernandezlaw.com

**PLEASE SERVE:**

**Hiong Guan Navegacion Co. Ltd**
**Through its attorney:**
Robert Murphy
Murphy, Rogers, Sloss, Gambel & Tompkins
Hancock Whitney Center
701 Poydras Street, Suite 400
New Orleans, LA 70139

**Newtonbulk Maritime Inc.**
**Through its attorney:**
Robert Murphy
Murphy, Rogers, Sloss, Gambel & Tompkins
Hancock Whitney Center
701 Poydras Street, Suite 400
New Orleans, LA 70139